**474**    Matter of Lubin.

Surrogate's Court, New York County, December, 1919.    [Vol. 109.

## Matter of the Estate of DAVID LUBIN, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Executors and administrators — accounting — when application for an order directing payment to executors of amount of coupons collected on bonds on deposit to reduce penalty of bond denied — Code Civ. Pro. § 2576.

> Where executors after having deposited a certain amount in Liberty bonds with a trust company in order to reduce their bond, receive an amount greatly in excess thereof, their application for an order under section 2576 of the Code of Civil Procedure directing the payment to them of the amount of coupons collected by the trust company on said Liberty bonds will be denied unless the executors file an additional bond.

APPLICATION for an order directing payment of interest on bonds deposited with a trust company in order to reduce the bond of executors.

James Garfield Moses, for executors.

FOWLER, S.   The executors herein, by order of this court, deposited $50,000 of Liberty bonds with the Guaranty Trust Company in order to reduce the penalty of the bond and thereafter filed a bond in the sum of $86,000.   They have, in addition, according to their petition, received $101,150.96, of which they claim to have disbursed $45,870.45, and now have on hand $55,280.51.   They ask for an order directing the payment to them by the Guaranty Trust Company of $837.50, the amount of coupons collected by the said trust company, without giving an additional bond.   They claim that they are entitled to this order under

the provisions of section 2576 of the Code of Civil Procedure. This section provides that no person other than the proper officer of the depository shall receive or collect any of the principal or interest of the securities deposited without the special order of the surrogate, and such order can only be made where an additional bond has been given or " upon proof that the estate or fund has been so reduced, by payments or otherwise, that the penalty of the bond originally given will be sufficient in amount to satisfy the provisions of law relating to the penalty thereof, if the security so withdrawn is also reckoned in the estate or fund."

In this case, where there is such a great difference between the amount received by the executors and the amount of the bond, I think the proof required by this section should be made in an accounting proceeding where all parties interested will be before the court, as there is a possibility that on such accounting the executors may be surcharged with large amounts of the alleged disbursements, in which case the bond given by them would be inadequate to protect the estate.

The application is, therefore, denied, unless the executors file an additional bond to cover the amount sought to be withdrawn.

Decreed accordingly.